Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAIM WOLMARK,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR FINANCE, TRANSUNION, LLC, EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-3775<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendants, HYUNDAI MOTOR FINANCE, TRANSUNION, LLC, EQUIFAX, INC., and EXPERIAN INFORMATION SOLUTIONS, INC. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of: the Rosenthal Fair Debt Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"), which prohibits creditors and/or debt collectors from engaging in abusive, deceptive, and unfair practices; the Fair Credit Reporting Act

("FCRA") (15 U.S.C. §1681 et seq.) and California's Consumer Credit Reporting Agency Act (CCRAA), (California Civil Code § 1785.1 et seq.), which requires maximum accuracy with regard to consumer credit reporting. Plaintiff also alleges violations under the Consumer Leasing Act ("CLA") (15 U.S.C. §§1667 et seq.), breach of contract and violations of California Business and Professions Code §17200 et seq.

**PARTIES**

2. Plaintiff is a natural person residing in Los Angeles County, California, is a "consumer" as defined by Cal. Bus. & Prof. Code §17201 and a "lessee" as defined by 15 U.S.C. §1667.

3. Upon information and belief, Defendant Hyundai Motor Finance ("Defendant Hyundai") is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681 et seq. and a "lessor" as defined by 15 U.S.C. §1667. Defendant Hyundai Motor Finance is also a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in the state of California.

4. Upon information and belief, Defendant TransUnion, LLC ("Defendant TransUnion") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

5. Upon information and belief, Defendant Equifax, Inc. ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

6. Upon information and belief, Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of California, and is regularly engaged in

the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

## JURISDICTION

7. This Court has jurisdiction pursuant to 15 U.S.C. §1681p. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as well as 28 U.S.C. §1367.

## FACTUAL BACKGROUND

8. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
9. That in or about May 2017, Plaintiff leased a vehicle from Defendant Hyundai.
10. That pursuant to his lease agreement, the maturity date on said lease was May 2020.
11. That Plaintiff, in accordance with the lease agreement, made timely monthly lease payments to Defendant Hyundai for the entirety of the lease period.
12. That Plaintiff's account with Defendant Hyundai was paid in full by April 2020.
13. That Plaintiff, in accordance with the lease agreement, contacted Defendant Hyundai before the maturity date in order to return the leased vehicle.
14. That Plaintiff reached out to several dealerships but was advised that their respective lots were full and that they could not accept any lease returns at that time.
15. That Plaintiff then contacted Hyundai Lease End Services and spoke with one of Defendant Hyundai's agents regarding the leased vehicle.
16. That based on said conversation, it was Plaintiff's understanding that in light of the COVID pandemic, Defendant Hyundai's dealerships were not accepting lease returns at that time, so Defendant Hyundai would give Plaintiff a brief extension on the lease and Plaintiff would not incur any charges for said extension.
17. That based on the representations made by Defendant Hyundai's agent, the leased vehicle remained with the Plaintiff.

18. That in or about June 2020, Plaintiff contacted Defendant Hyundai regarding the status of the leased vehicle.

19. That Defendant Hyundai's agent advised Plaintiff that should he decide to extend the lease, a contract to extend would be sent to Plaintiff and Plaintiff would need to make a lease payment for the upcoming month.

20. That based on said conversation, Plaintiff confirmed his previous understanding – that Defendant Hyundai would not charge Plaintiff for the previous extension and any payment Plaintiff made going forward would be applied toward the upcoming month.

21. That in or about July 2020, Plaintiff received a call from the Defendant Hyundai and was advised that there was an outstanding balance of approximately $800 on his account.

22. That during said phone call, Plaintiff explained his prior conversations with Defendant Hyundai's agents and that it was his understanding that no balance was due.

23. That in response, Defendant Hyundai's agent apologized and informed the Plaintiff that she would clear the matter up.

24. That approximately one week later, Defendant Hyundai contacted Plaintiff again in an attempt to collect on the alleged balance, at which time Plaintiff repeated what he had told the Defendant Hyundai's agents previously and the agent ended the call with an apology.

25. That on or about July 17, 2020, Plaintiff received a notice of default from Defendant Hyundai.

26. That Plaintiff immediately called the number on the notice in order to resolve the issue, but the agent refused to assist the Plaintiff.

27. That Plaintiff made several attempts to contact Defendant Hyundai, by phone and by written correspondence, but to no avail.

28. That Plaintiff ultimately requested that Defendant Hyundai cease and desist with its collection efforts and rectify the situation.

29. That in or about September 2020, Plaintiff returned the leased vehicle to Defendant Hyundai.

30. That at the time of the return, Plaintiff was only charged a $75 fee for a missing key fob.

31. That Plaintiff was led to believe that no other balances were due.

32. That Plaintiff did not receive any other bills or further communications from Defendant Hyundai.

33. That based on Defendant Hyundai's conduct, Plaintiff believed that no other financial obligations remained on the account.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT HYUNDAI MOTOR FINANCE**

34. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35. That in or about October 2020, however, Plaintiff discovered adverse credit information on his credit reports regarding the aforementioned Hyundai account.

36. That in an attempt to collect on an alleged debt, Defendant Hyundai reported the Plaintiff's account to various credit agencies, including the three major credit bureaus (Defendants Experian, Equifax and TransUnion).

37. That namely, Defendant Hyundai was reporting the account as past due.

38. That the adverse account or negative tradeline(s) being reported by Defendant Hyundai was inaccurate.

39. That upon discovering the adverse information, Plaintiff immediately contacted Defendant Hyundai to dispute the reporting in order to avoid further damage to his credit reports.

40. That despite Plaintiff's efforts, Defendant Hyundai failed to properly investigate Plaintiff's disputes and continued to report the account negatively and inaccurately on Plaintiff's credit reports.

41. That the negative and inaccurate reporting remained on Plaintiff's credit reports, including those generated by Defendants Experian, Transunion and Equifax.

42. That Defendants Experian, Equifax and TransUnion also received disputes from the Plaintiff wherein Plaintiff disputed the adverse account being reported on his credit reports by Defendant Hyundai.

43. That as of the date of the filing of this Complaint, the negative tradeline(s) reported by Defendant Hyundai remain on Plaintiff's credit reports.

44. That as a result of Defendants' conduct, Plaintiff suffered damages.

45. That Defendant Hyundai violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by: continuing to represent the account inaccurately to the Plaintiff's credit file with the credit reporting agencies; failing to fully and properly investigate the Plaintiff's dispute of the representation; failing to review all relevant information regarding same; failing to accurately respond to Defendants TransUnion, Equifax and Experian; failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct their own internal records.

46. That as a result of this conduct, action and inaction of the Defendant Hyundai, the Plaintiff suffered damage including but not limited to: loss of credit[1]; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.[2]

---

[1] Reporting a debt to a credit reporting agency has an adverse consequence on the debtor, as it may damage the debtor's credit rating and the debtor's ability to obtain credit. See *Nelson v. Equifax Info. Servs., LLC*, 522 F.Supp.2d 1222, 1234–35 (C.D.Cal.2007).

[2] Actual damages" as that term is used in the FCRA includes noneconomic damages. *Levine v World Financial Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006); *Philbin v. TransUnion Corp.,* pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). 101 F.3d 957 (3d Cir. 1996); *Boris v. Choicepoint Services, Inc.,* 249 F. Supp.2d 851, 859 (W.D. Ky.2003) (citations omitted) ("It is well settled that actual damages under the FCRA are not limited to pecuniary out of pecuniary out of pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995).

47. That the conduct, action and inaction by Defendant Hyundai was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.[3] In the alternative, Defendant Hyundai was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

48. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HYUNDAI MOTOR FINANCE**

49. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

50. California Civil Code §1785.25 prohibits a person from furnishing information on specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate. [4]

51. That by its acts and practices as hereinabove described, Defendant Hyundai willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information about the Plaintiff to various consumer reporting agencies. [5]

---

[3] The U.S. Supreme Court has held that "The [Ninth Circuit] Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of §1681n(a)." *Safeco Ins. Co. v Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007). "Reckless disregard" means an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id., 551 U.S. at 69, 127 S. Ct. at 2215, quoting *Farmer v. Brennan,* 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

[4] The private right of action to enforce provision of California credit reporting law proscribing the furnishing of incomplete or inaccurate information to consumer credit reporting agency is not preempted by the FCRA. Fair Credit Reporting Act, § 605 et seq., 15 U.S.C.A. § 1681c et seq.; West's Ann. Cal. Civ. Code § 1785.25(a).

[5] Unlike the FCRA, there is no notice requirement under the California Code. This violation is triggered upon the initial furnishing of inaccurate information, regardless of the date when a subsequent dispute is made. CA Civil Code § 1785.25(a).

52. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.[6]

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT HYUNDAI MOTOR FINANCE**

53. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts. By its acts and practices as hereinabove described, the Defendant Hyundai has violated the Rosenthal Act as follows, without limitation:

a. Defendant Hyundai has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title; and

b. Defendant Hyundai has violated §1788.13 which prohibits false representations that information concerning a debtor' s failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency. [7]

55. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result of the Defendant Hyundai's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

---

[6] California Civil Code §1785.31 provides a remedy for "negligent" and "willful" violations of the CCRAA. An individual who suffers damages as a result of the violation can recover actual damages, including attorney's fees and court costs, as well as punitive damages up to a maximum amount of $5,000 for willful violations.

[7] Reporting debts to credit reporting agencies is one of the most commonly-used arrows in the debt collector's quiver. *Moscona v California Business Bureau, Inc*. 2011 WL 5085522 at *4 (quoting Edeh v Midland Credit Mgmt., Inc., 748 F. Supp.2d 1030, 1035 (D. Minn. 2010).

56. In addition, because the Defendant Hyundai's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to actual damages, penalties of at least $1,000.00 per violation as provided for in the Act.

57. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT HYUNDAI MOTOR FINANCE**

58. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

59. The Consumer Leasing Act, 15 U.S.C. §1667 et seq., ("CLA") was enacted to ensure that consumers receive meaningful disclosure of terms in consumer leases, to limit the liability resulting from the leasing of personal property, and to require meaningful and accurate disclosures of lease terms in advertising.

60. That Defendant Hyundai willfully and intentionally violated the CLA by failing to adequately disclose to Plaintiff the various fees, charges and/or other financial obligations he would be responsible for once the leased vehicle was returned.

61. That the various charges and/or fees incurred by the Plaintiff were unlawful, deceptive and unfair.

62. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to 15 U.S.C. §1667d.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT HYUNDAI MOTOR FINANCE**

63. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

64. That Defendant Hyundai breached its contract with the Plaintiff by the following acts which include, but are not limited to: failing to provide proper disclosures; failing to

remove negative and false reports, publishing false and inaccurate information and/or failing to accurately verify, report and update inaccurate information it published to the three major credit bureaus.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN**

65. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

66. That upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendants TransUnion, Equifax and Experian did not evaluate nor consider any of Plaintiff's information and claims and did not make any attempt to substantially or reasonably verify the representations made by Defendant Hyundai.

67. That in the alternative to the allegation that Defendants TransUnion, Equifax and Experian failed to contact Defendant Hyundai, Plaintiff alleges that Defendants TransUnion, Equifax and Experian did forward notice of the dispute to Defendant Hyundai yet failed to conduct a lawful investigation.

68. That Defendants TransUnion, Equifax and Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to the Plaintiff.

69. That as a result of this conduct, action and inaction of Defendants TransUnion, Equifax and Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70. That the conduct, action and inaction by Defendants TransUnion, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative,

Defendants TransUnion, Equifax and Experian, were negligent,entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

71. That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN**

72. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

73. That Defendants TransUnion, Equifax and Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to Defendant Hyundai; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

74. That as a result of this conduct, action and inaction of Defendants TransUnion, Equifax and Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

75. That the conduct, action and inaction by Defendants TransUnion, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants TransUnion, Equifax and Experian, were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

76. That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN**

77. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

78. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.14 (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff.

79. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.16 for the following acts, which include, but are not limited to: failing to consider all relevant information submitted by Plaintiff with respect to Plaintiff's dispute, failing to correct and/or delete inaccurate information on Plaintiff's credit reports.

80. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

**AS AND FOR A CAUSE OF ACTION AGAINST ALL DEFENDANTS**

81. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

82. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

83. That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

84. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

85. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

86. That the Defendants have been unjustly enriched by committing said acts.

87. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

88. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

89. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) Statutory damages and actual damages provided by statute, including, but not limited to: Civil Code §1788.30 et seq., 15 U.S.C. §1667 et seq., 15 U.S.C. §§ 1681n and 1681o and California Civil Code §1785.31, in an amount to be determined at the time of trial;

(b) Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n ; California Civil Code §1785.31; California Civil Code §1788.30, et seq.,; 15 U.S.C. §1667 et seq.; common law; and/or the Court's inherent power;

(d) Equitable and injunctive relief;

(e) Restitution; and

(f) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and their agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: May 4, 2021

Respectfully Submitted,

/S/ Amir J. Goldstein, Esq.___________

Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194