Thomas P. Quinn, Jr. (SBN 132268)
NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, California 92651
Tel:    (949) 376-3500
Facsimile:   (949) 376-3070
Email:  tquinn@nokesquinn.com

*Counsel for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHAIM WOLMARK,<br><br>                    Plaintiff,<br><br>        v.<br><br>HYUNDAI MOTOR FINANCE, TRANSUNION, LLC, EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-03775-RSWL-JPR<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

        Defendant Equifax Information Services LLC, incorrectly identified as Equifax Inc., ("Equifax") by and through its attorneys hereby submits its Answer to Plaintiff's Complaint and Affirmative and Other Defenses, as follows:

## **PRELIMINARY STATEMENT**

        In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## INTRODUCTION

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer for Defendants' violations of: the Rosenthal Fair Debt Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"), which prohibits creditors and/or debt collectors from engaging in abusive, deceptive, and unfair practices; the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681 et seq.) and California's Consumer Credit Reporting Agency Act (CCRAA), (California Civil Code § 1785.1 et seq.), which requires maximum accuracy with regard to consumer credit reporting. Plaintiff also alleges violations under the Consumer Leasing Act ("CLA") (15 U.S.C. §§1667 et seq.), breach of contract and violations of California Business and Professions Code § 17200 et seq.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act, but denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in Paragraph 1.

## PARTIES

**COMPLAINT ¶2:**

Plaintiff is a natural person residing in Los Angeles County, California, is a "consumer" as defined by Cal. Bus. & Prof. Code § 17201 and a "lessee" as defined by 15 U.S.C. §1667.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Plaintiff's residency, except admits that, upon information

and belief, Plaintiff is a natural person. Equifax denies the remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

Upon information and belief, Defendant Hyundai Motor Finance ("Defendant Hyundai") is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681 et seq. and a "lessor" as defined by 15 U.S.C. §1667. Defendant Hyundai Motor Finance is also a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in the state of California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 except admits that, at certain times, Hyundai Motor Finance has furnished information to Equifax.

**COMPLAINT ¶4:**

Upon information and belief, Defendant TransUnion, LLC ("Defendant TransUnion") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

**COMPLAINT ¶5:**

Upon information and belief, Defendant Equifax, Inc. ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, evaluating, and disbursing consumer reports to third parties for monetary compensation. Equifax denies the remaining allegations contained in Paragraph 5.

**COMPLAINT ¶6:**

Upon information and belief, Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of California, and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

**JURISDICTION**

**COMPLAINT ¶7:**

This Court has jurisdiction pursuant to 15 U.S.C. §1681p.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as well as 28 U.S.C. §1367.

**ANSWER:**

Equifax admits that the Court has federal question jurisdiction pursuant to 15 U.S.C. §1681p. Equifax denies the remaining allegation in Paragraph 7.

# FACTUAL BACKGROUND

**COMPLAINT ¶8:**

The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 8.

**COMPLAINT ¶9:**

That in or about May 2017, Plaintiff leased a vehicle from Defendant Hyundai.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

**COMPLAINT ¶10:**

That pursuant to his lease agreement, the maturity date on said lease was May 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

**COMPLAINT ¶11:**

That Plaintiff, in accordance with the lease agreement, made timely monthly lease payments to Defendant Hyundai for the entirety of the lease period.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

**COMPLAINT ¶12:**

That Plaintiff's account with Defendant Hyundai was paid in full by April 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

**COMPLAINT ¶13:**

That Plaintiff, in accordance with the lease agreement, contacted Defendant Hyundai before the maturity date in order to return the leased vehicle.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

**COMPLAINT ¶14:**

That Plaintiff reached out to several dealerships but was advised that their respective lots were full and that they could not accept any lease returns at that time.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

**COMPLAINT ¶15:**

That Plaintiff then contacted Hyundai Lease End Services and spoke with one of Defendant Hyundai's agents regarding the leased vehicle.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

**COMPLAINT ¶16:**

That based on said conversation, it was Plaintiff's understanding that in light of the COVID pandemic, Defendant Hyundai's dealerships were not accepting lease returns at that time, so Defendant Hyundai would give Plaintiff a brief extension on the lease and Plaintiff would not incur any charges for said extension.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

**COMPLAINT ¶17:**

That based on the representations made by Defendant Hyundai's agent, the leased vehicle remained with the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

**COMPLAINT ¶18:**

That in or about June 2020, Plaintiff contacted Defendant Hyundai regarding the status of the leased vehicle.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

**COMPLAINT ¶19:**

That Defendant Hyundai's agent advised Plaintiff that should he decide to extend the lease, a contract to extend would be sent to Plaintiff and Plaintiff would need to make a lease payment for the upcoming month.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

**COMPLAINT ¶20:**

That based on said conversation, Plaintiff confirmed his previous understanding — that Defendant Hyundai would not charge Plaintiff for the previous extension and any payment Plaintiff made going forward would be applied toward the upcoming month.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

**COMPLAINT ¶21:**

That in or about July 2020, Plaintiff received a call from the Defendant Hyundai and was advised that there was an outstanding balance of approximately $800 on his account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

**COMPLAINT ¶22:**

That during said phone call, Plaintiff explained his prior conversations with Defendant Hyundai's agents and that it was his understanding that no balance was due.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

**COMPLAINT ¶23:**

That in response, Defendant Hyundai's agent apologized and informed the Plaintiff that she would clear the matter up.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

**COMPLAINT ¶24:**

That approximately one week later, Defendant Hyundai contacted Plaintiff again in an attempt to collect on the alleged balance, at which time Plaintiff repeated what he had told the Defendant Hyundai's agents previously and the agent ended the call with an apology.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

**COMPLAINT ¶25:**

That on or about July 17, 2020, Plaintiff received a notice of default from Defendant Hyundai.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

**COMPLAINT ¶26:**

That Plaintiff immediately called the number on the notice in order to resolve the issue, but the agent refused to assist the Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

**COMPLAINT ¶27:**

That Plaintiff made several attempts to contact Defendant Hyundai, by phone and by written correspondence, but to no avail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

**COMPLAINT ¶28:**

That Plaintiff ultimately requested that Defendant Hyundai cease and desist with its collection efforts and rectify the situation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

**COMPLAINT ¶29:**

That in or about September 2020, Plaintiff returned the leased vehicle to Defendant Hyundai.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

**COMPLAINT ¶30:**

That at the time of the return, Plaintiff was only charged a $75 fee for a missing key fob.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

**COMPLAINT ¶31:**

That Plaintiff was led to believe that no other balances were due.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

**COMPLAINT ¶32:**

That Plaintiff did not receive any other bills or further communications from Defendant Hyundai.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

**COMPLAINT ¶33:**

That based on Defendant Hyundai's conduct, Plaintiff believed that no other financial obligations remained on the account.

1    **ANSWER:**

2           Equifax lacks knowledge or information sufficient to form a belief about the truth

3    of the allegations in Paragraph 33.

4                **AS AND FOR A FIRST CAUSE OF ACTION AGAINST**

5                   **DEFENDANT HYUNDAI MOTOR FINANCE**

6    **COMPLAINT ¶34:**

7           The Plaintiff repeats and realleges, each and every allegation set forth above as if

8    reasserted and realleged herein.

9    **ANSWER:**

10          Equifax restates its answers to the above Paragraphs as its answer to Paragraph 34.

11   **COMPLAINT ¶35:**

12          That in or about October 2020, however, Plaintiff discovered adverse credit

13   information on his credit reports regarding the aforementioned Hyundai account.

14   **ANSWER:**

15          Equifax lacks knowledge or information sufficient to form a belief about the truth

16   of the allegations in Paragraph 35.

17   **COMPLAINT ¶36:**

18          That in an attempt to collect on an alleged debt, Defendant Hyundai reported the

19   Plaintiff's account to various credit agencies, including the three major credit bureaus

20   (Defendants Experian, Equifax and TransUnion).

21   **ANSWER:**

22          Equifax lacks knowledge or information sufficient to form a belief about the truth

23   of the allegations in Paragraph 36, except admits that, at times, Defendant Hyundai

24   furnishers consumer information about Plaintiff to Equifax.

25   **COMPLAINT ¶37:**

26          That namely, Defendant Hyundai was reporting the account as past due.

27

28

1

2 **ANSWER:**

3      Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

4 **COMPLAINT ¶38:**

5      That the adverse account or negative tradeline(s) being reported by Defendant

6 Hyundai was inaccurate.

7 **ANSWER:**

8      Equifax denies the allegations in Paragraph 38.

9 **COMPLAINT ¶39:**

10      That upon discovering the adverse information, Plaintiff immediately contacted

11 Defendant Hyundai to dispute the reporting in order to avoid further damage to his credit

12 reports.

13 **ANSWER:**

14      Equifax lacks knowledge or information sufficient to form a belief about the truth

15 of the allegations in Paragraph 39.

16 **COMPLAINT ¶40:**

17      That despite Plaintiff's efforts, Defendant Hyundai failed to properly investigate

18 Plaintiff's disputes and continued to report the account negatively and inaccurately on

19 Plaintiff's credit reports.

20 **ANSWER:**

21      Equifax lacks knowledge or information sufficient to form a belief about the truth

22 of the allegations in Paragraph 40.

23 **COMPLAINT ¶41:**

24      That the negative and inaccurate reporting remained on Plaintiff's credit reports,

25 including those generated by Defendants Experian, Transunion and Equifax.

26 **ANSWER:**

27      Equifax denies the allegations in Paragraph 41.

28

**COMPLAINT ¶42:**

That Defendants Experian, Equifax and TransUnion also received disputes from the Plaintiff wherein Plaintiff disputed the adverse account being reported on his credit reports by Defendant Hyundai.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

**COMPLAINT ¶43:**

That as of the date of the filing of this Complaint, the negative tradeline(s) reported by Defendant Hyundai remain on Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

**COMPLAINT ¶44:**

That as a result of Defendants' conduct, Plaintiff suffered damages.

**ANSWER:**

Equifax denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

That Defendant Hyundai violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by: continuing to represent the account inaccurately to the Plaintiff's credit file with the credit reporting agencies; failing to fully and properly investigate the Plaintiff's dispute of the representation; failing to review all relevant information regarding same; failing to accurately respond to Defendants TransUnion, Equifax and Experian; failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct their own internal records.

1

2  **ANSWER:**

3          Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

4  **COMPLAINT ¶46:**

5          That as a result of this conduct, action and inaction of the Defendant Hyundai, the

6  Plaintiff suffered damage including but not limited to: loss of credit; loss of the ability to

7  purchase and benefit from credit; actual credit denials; and the mental and emotional

8  pain, anguish, humiliation, and embarrassment of credit denials.

9  **ANSWER:**

10          Equifax denies the allegations in Paragraph 46.

11  **COMPLAINT ¶47:**

12          That the conduct, action and inaction by Defendant Hyundai was willful, rendering

13  it liable for actual, statutory, and punitive damages in an amount to be determined by the

14  Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant Hyundai was

15  negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

16  **ANSWER:**

17          Equifax lacks knowledge or information sufficient to form a belief about the truth

18  of the allegations in Paragraph 47.

19  **COMPLAINT ¶48:**

20          That Plaintiff is entitled to recover costs and attorney's fees from the Defendant

21  Hyundai in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and

22  §1681o.

23  **ANSWER:**

24          Equifax lacks knowledge or information sufficient to form a belief about the truth

25  of the allegations in Paragraph 48.

26

27

28

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## DEFENDANT HYUNDAI MOTOR FINANCE

**COMPLAINT ¶49:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 49.

**COMPLAINT ¶50:**

California Civil Code §1785.25 prohibits a person from furnishing information on specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

**ANSWER:**

Equifax admits that Paragraph 50 purports to restate a specific section of the California Civil Code, but denies the allegations to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language and requirements of the Code, and denies that it violated the law.

**COMPLAINT ¶51:**

That by its acts and practices as hereinabove described, Defendant Hyundai willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information about the Plaintiff to various consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

**COMPLAINT ¶52:**

That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

15

**ANSWER:**

Equifax denies the allegations in Paragraph 52.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST**

**DEFENDANT HYUNDAI MOTOR FINANCE**

**COMPLAINT ¶53:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 53.

**COMPLAINT ¶54:**

The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.  By its acts and practices as hereinabove described, the Defendant Hyundai has violated the Rosenthal Act as follows, without limitation:

a.   Defendant Hyundai has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title; and

b.   Defendant Hyundai has violated §1788.13 which prohibits false representations that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.

**ANSWER:**

Equifax admits that Paragraph 54 purports to restate a the purpose of the Rosenthal Fair Debt Collection Practices Act and the California Civil Code, but denies the allegations to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language and requirements of these laws, and denies that it violated the law.

**COMPLAINT ¶55:**

Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result, of the Defendant Hyundai's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

**ANSWER:**

Equifax denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

In addition, because the Defendant Hyundai's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to actual - damages, penalties of at least $1,000.00 per violation as provided for in the Act.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**ANSWER:**

Equifax denies the allegations in Paragraph 57.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST**

**DEFENDANT HYUNDAI MOTOR FINANCE**

**COMPLAINT ¶58:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 58.

**COMPLAINT ¶59:**

The Consumer Leasing Act, 15 U.S.C. §1667 et seq., ("CLA") was enacted to ensure that consumers receive meaningful disclosure of terms in consumer leases, to limit the liability resulting from the leasing of personal property, and to require meaningful and accurate disclosures of lease terms in advertising.

**ANSWER:**

Equifax admits that Paragraph 54 purports to restate the purpose of the Consumer Leasing Act, but denies the allegations to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language and requirements of this law, and denies that it violated the law.

**COMPLAINT ¶60:**

That Defendant Hyundai willfully and intentionally violated the CLA by failing to adequately disclose to Plaintiff the various fees, charges and/or other financial obligations he would be responsible for once the leased vehicle was returned.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

**COMPLAINT ¶61:**

That the various charges and/or fees incurred by the Plaintiff were unlawful, deceptive and unfair.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

**COMPLAINT ¶62:**

That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to 15 U.S.C. §1667d.

**ANSWER:**

Equifax denies the allegations in Paragraph 62.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST**

**DEFENDANT HYUNDAI MOTOR FINANCE**

**COMPLAINT ¶63:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 63.

**COMPLAINT ¶64:**

That Defendant Hyundai breached its contract with the Plaintiff by the following acts which include, but are not limited to: failing to provide proper disclosures; failing to remove negative and false reports, publishing false and inaccurate information and/or failing to accurately verify, report and update inaccurate information it published to the three major credit bureaus.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST**

**DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN**

**COMPLAINT ¶65:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 65.

**COMPLAINT ¶66:**

That upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendants TransUnion, Equifax and Experian did not evaluate nor consider any of Plaintiff's information and claims and did not make any attempt to substantially or reasonably verify the representations made by Defendant Hyundai.

**ANSWER:**

Equifax denies the allegations in Paragraph 66.

**COMPLAINT ¶67:**

That in the alternative to the allegation that Defendants TransUnion, Equifax and Experian failed to contact Defendant Hyundai, Plaintiff alleges that Defendants TransUnion, Equifax and Experian did forward notice of the dispute to Defendant Hyundai yet failed to conduct a lawful investigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

**COMPLAINT ¶68:**

That Defendants TransUnion, Equifax and Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to the Plaintiff.

**ANSWER:**

Equifax denies the allegations in Paragraph 68.

**COMPLAINT ¶69:**

That as a result of this conduct, action and inaction of Defendants TransUnion, Equifax , and Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax denies the allegations in Paragraph 69.

**COMPLAINT ¶70:**

That the conduct, action and inaction by Defendants TransUnion, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants TransUnion, Equifax and Experian, were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 71.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST**

**DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN**

**COMPLAINT ¶72:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 72.

**COMPLAINT ¶73:**

That Defendants TransUnion, Equifax and Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to Defendant Hyundai; by

21

failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

**ANSWER:**

Equifax denies the allegations in Paragraph 73.

**COMPLAINT ¶74:**

That as a result of this conduct, action and inaction of Defendants TransUnion, Equifax and Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**

Equifax denies the allegations in Paragraph 74.

**COMPLAINT ¶75:**

That the conduct, action and inaction by Defendants TransUnion, Equifax and Experian was willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants TransUnion, Equifax and Experian, were negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 75.

**COMPLAINT ¶76:**

That Plaintiff is entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 76.

1

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST**

2

**DEFENDANTS TRANSUNION, EQUIFAX AND EXPERIAN**

3

**COMPLAINT ¶77:**

4

    Plaintiff repeats and realleges each and every allegation set forth above as if

5

reasserted and realleged herein.

6

**ANSWER:**

7

    Equifax restates its answers to the above Paragraphs as its answer to Paragraph 77.

8

**COMPLAINT ¶78:**

9

    That by their acts and practices as hereinabove described, Defendants willfully and

10

intentionally violated Cal. Civ. Code §1785.14 (b) by failing to follow reasonable

11

procedures to assure maximum possible accuracy of the information concerning the

12

Plaintiff.

13

**ANSWER:**

14

    Equifax denies the allegations in Paragraph 78.

15

**COMPLAINT ¶79:**

16

    That by their acts and practices as hereinabove described, Defendants willfully and

17

intentionally violated Cal. Civ. Code §1785.16 for the following acts, which include, but

18

are not limited to: failing to consider all relevant information submitted by Plaintiff with

19

respect to Plaintiff's dispute, failing to correct and/or delete inaccurate information on

20

Plaintiff's credit reports.

21

**ANSWER:**

22

    Equifax denies the allegations in Paragraph 79.

23

**COMPLAINT ¶80:**

24

    That Plaintiff is entitled to actual, statutory and punitive damages and attorney's

25

fees and costs pursuant to Cal. Civ. Code §1785.31.

26

**ANSWER:**

27

    Equifax denies the allegations in Paragraph 80.

28

23

### AS AND FOR A CAUSE OF ACTION AGAINST ALL DEFENDANTS

**COMPLAINT ¶81:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER:**

Equifax restates its answers to the above Paragraphs as its answer to Paragraph 81.

**COMPLAINT ¶82:**

The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

**ANSWER:**

Equifax admits that Paragraph 82 purports to restate the purpose of a specific section of the California Business and Professions Code, but denies the allegations to the extent it misquotes, misstates, mischaracterizes, or takes out of context the language and requirements of this law, and denies that it violated the law.

**COMPLAINT ¶83:**

That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per, se violations of the California Business and Professions Code Section 17200 et seq.

**ANSWER:**

Equifax denies the allegations in Paragraph 83.

**COMPLAINT ¶84:**

That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

**ANSWER:**

Equifax denies the allegations in Paragraph 84.

**COMPLAINT ¶85:**

That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

**ANSWER:**

Equifax denies the allegations in Paragraph 85.

**COMPLAINT ¶86:**

That the Defendants have been unjustly enriched by committing said acts.

**ANSWER:**

Equifax denies the allegations in Paragraph 86.

**COMPLAINT ¶87:**

That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

**ANSWER:**

Equifax denies the allegations in Paragraph 87.

**COMPLAINT ¶88:**

That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

**ANSWER:**

Equifax denies the allegations in Paragraph 88.

**COMPLAINT ¶89:**

That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

**ANSWER:**

Equifax denies the allegations in Paragraph 89.

Case 2:21-cv-03775-RSWL-JPR    Document 22    Filed 06/25/21    Page 26 of 29    Page
ID #:113

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a)    Statutory damages and actual damages provided by statute, including, but not limited to: Civil Code §1788.30 et seq., 15 U.S.C. §1667 et seq., 15 U.S.C. §§ 1681n and 16810 and California Civil Code §1785.31, in an amount to be determined at the time of trial;

(b)    Statutory, actual and punitive damages pursuant to California Civil Code § 17200 in an amount to be determined at the time of trial;

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n; California Civil Code §1785.31; California Civil Code §1788.30, et seq.,; 15 U.S.C. §1667 et seq.; common law; and/or the Court's inherent power;

(d)    Equitable and injunctive relief;

(e)    Restitution; and

(f)    For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and their agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

**ANSWER:**

Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

1

### **AFFIRMATIVE AND OTHER DEFENSES**

2      Equifax asserts the following affirmative and other defenses to the Complaint:

3

### **FIRST DEFENSE**

4      Equifax is not subject to general or specific jurisdiction in this Court as to the

5   claims brought by Plaintiff against Equifax.  Equifax is neither incorporated nor

6   headquartered in the State of California, and the conduct giving rise to Plaintiff's claims

7   against Equifax occurred outside of the State of California and was not targeted at the

8   State of California.  Equifax Inc., is not a consumer reporting agency, did not and does

9   not maintain a credit file on Plaintiff, and did not take any action regarding Plaintiff's

10  credit file.

11

### **SECOND DEFENSE**

12      This Court is not the proper venue as to the claims Plaintiff brings against Equifax

13  because the Court lacks personal jurisdiction over Equifax.

14

### **THIRD DEFENSE**

15      Subject to proof through discovery, Plaintiff's causes of action are barred, in whole

16  or in part, by the statute of limitations and/or statute of repose.

17

### **FOURTH DEFENSE**

18      At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies

19  exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate

20  the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason

21  of their failure to mitigate alleged losses.

22

### **FIFTH DEFENSE**

23      Plaintiff's purported causes of action are barred in whole or in part by the doctrine

24  of laches.

25      **WHEREFORE**, having fully answered or otherwise responded to the allegations

26  in Plaintiff's Complaint, Equifax prays that:

27

28

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)   it be dismissed as a party to this action;

(3)   it recover such other and additional relief as the Court deems just and appropriate.


DATED:  June 25, 2021                          Respectfully submitted,

                                               NOKES & QUINN


                                               By: /s/ Thomas P. Quinn, Jr.
                                               Thomas P. Quinn, Jr.
                                               Attorney for Defendant
                                               EQUIFAX INFORMATION
                                               SERVICES LLC, incorrectly identified
                                               as EQUIFAX, INC.

DEFENDANT EQUIFAX INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES to be served via the Court's ECF system, on this 25th day of June, 2021:

*/s/ Thomas P. Quinn, Jr.*
Thomas P. Quinn, Jr.
Attorney for Defendant
Equifax Information Services LLC

DEFENDANT EQUIFAX INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES