Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Telephone 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAIM WOLMARK, | Case No. 2:21-cv-3775-RSWL (JPRx) |
| Plaintiff, | |
| v. | JOINT RULE 26(f) REPORT |
| HYUNDAI MOTOR FINANCE, et al | Date:   August 31, 2021 |
| Defendants. | Time:  10:00 AM |
| | Courtroom:  TBD, 1st Street |

Under Federal Rule of Civil Procedure 26(f), Plaintiff Chaim Wolmark ("Plaintiff") and Defendants Hyundai Capital America dba Hyundai Motor Finance, Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. ("Defendants"), by and through their undersigned counsel, submit the following joint report:

## A.    Statement of the Case & Principal Issues

**Plaintiff:**   In May 2017, Plaintiff leased a vehicle from Defendant Hyundai Motor Finance ("Defendant Hyundai") and made timely lease payments until April 2020, at

which point his account was paid in full.  Plaintiff then contacted Defendant Hyundai prior to the maturity date of May 2020 to make arrangements for returning the vehicle. After reaching out to several dealerships, Plaintiff was advised that their respective lots were full and that they could not accept any lease returns at that time.  Plaintiff then contacted Hyundai Lease End Services who explained that in light of the COVID pandemic and Defendant Hyundai's inability to accept lease returns at that time, Defendant Hyundai would give the Plaintiff a brief extension on the lease and that he would not incur any charges for said extension.  Based on the representations made by Defendant Hyundai, the leased vehicle remained with the Plaintiff.

In or about June 2020, Plaintiff was then advised that should he decide to extend his lease, a payment would need to be made for the upcoming month.  Plaintiff confirmed his prior understanding that he would not be charged for the previous extension and that any payment that he made going forward would be applied toward the next month.  However, in July 2020, Plaintiff discovered that he had an outstanding balance of approximately $800 on his account.

Plaintiff spoke with a number of Defendant Hyundai's agents to rectify the billing issue and despite several apologies from its agents, the issue went unresolved.  In or about September 2020, Plaintiff returned the leased vehicle and was charged only $75 for a missing key fob.  Plaintiff did not receive any further bills or communications from Defendant Hyundai and based on Defendant Hyundai's conduct, Plaintiff believed that he had no outstanding balances on his account.

In October 2020, Plaintiff found that Defendant Hyundai was reporting inaccurate and adverse credit information regarding his account to the credit bureaus, (namely, Defendants Trans Union, Equifax and Experian).  Although Plaintiff disputed this credit reporting with each of the Defendants, Plaintiff claims that Defendant Hyundai failed to properly investigate his dispute and continued to report the account negatively to the credit bureaus.

Based on the aforementioned conduct, Plaintiff filed his Complaint against the Defendants on May 4, 2021.  Plaintiff alleges that the Defendants violated provisions of the Fair Credit Reporting Act ("FCRA") or 15 U.S.C. §1681 et seq. and California's Consumer Credit Reporting Agencies Act ("CCRAA") or California Civil Code §1785.1 et seq., which requires maximum accuracy with regard to consumer credit reporting.  Plaintiff also has claims under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") or California Civil Code §1788, et seq., which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices.  In addition, Plaintiff alleges violations under the Consumer Leasing Act ("CLA") (15 U.S.C. §§1667 et seq.), breach of contract and violations of California Business and Professions Code §17200 et seq.

ISSUES: Whether the Defendants violated the above-referenced statutes and whether said violations are per se violations of California Business and Professions Code §17200 et seq.  Namely: (1) whether Defendant Hyundai caused inaccurate information to appear on Plaintiff's credit reports, which would thereby constitute violations of the CCRAA and the Rosenthal Act; (2) whether Defendant Hyundai violated the FCRA by failing to properly and reasonably investigate Plaintiff's disputes; and (3) whether the credit bureaus, Defendants Trans Union, Equifax and Experian, violated the FCRA by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy on the Plaintiff's credit reports.

**Defendant Hyundai Capital America:**  On or around May 5, 2017, Plaintiff leased a vehicle with Hyundai Capital America ("HCA") dba Hyundai Motor Finance.  The original lease term ended on May 5, 2020.  On or around March 18, 2020, Plaintiff called HCA and inquired about HCA's vehicle return process and lease extension option.  HCA informed Plaintiff that he would need to sign a lease extension agreement to extend the lease.  HCA also informed Plaintiff that lease extensions are on a month-

to-month basis up to six months.  Moreover, HCA confirmed the maturity date was May 5, 2020, which was when Plaintiff was required to return the vehicle.

On or around April 28, 2020, Plaintiff called HCA and asked if HCA offered free extensions to return leased vehicles because some dealers were not accepting lease returns due to COVID-19 restrictions.  HCA informed Plaintiff that he could have an extension as long as he did not intend to make an additional payment to extend his lease. HCA granted a two-week grace period until May 19, 2020 to return the vehicle.

On or around May 22, 2020, several days after Plaintiff's grace period had ended, Plaintiff called HCA and asked for a further extension to return the vehicle.  HCA informed Plaintiff he could have additional time to return the vehicle "as long as his intention is to return it."  HCA further advised Plaintiff that "what can't happen" at the end of the grace period is that "you want to keep [the vehicle]."  In that case, "we assume you wanted to keep it."  With those stated qualifications, HCA extended Plaintiff's grace period to June 3, 2020.

On or around June 3, 2020, Plaintiff again communicated with HCA and asked to further extend the grace period for returning the vehicle.  HCA agreed to extend Plaintiff's grace period to June 15, 2020.  On or around June 11, Plaintiff called HCA and again asked to extend the grace period for returning the vehicle.  HCA further extended his grace period to June 18, 2020.

On or around June 18, 2020, Plaintiff called HCA and stated that he wanted to enter into a lease extension agreement.  HCA informed him that he would need to first make a payment and then call back to obtain a lease extension.  The next day, on or around June 19, 2020, Plaintiff made a one-time payment, which covered the payment that was due on May 5, 2020.  Plaintiff also called HCA and requested a lease extension.

On or around June 24, 2020, HCA received a signed Lease Extension Agreement from Plaintiff ("Lease Extension"), pursuant to which Plaintiff agreed to extend his lease on a month-to-month basis from the maturity date, May 5, 2020, up to a maximum

of six months, i.e., November 5, 2020.  The Lease Extension also incorporated the terms of the original lease agreement.  Those terms provide, in relevant part, that "[t]erms and promises, ***including oral promises***, are not enforceable unless they are expressly contained in this Lease."  *See* Original Lease Agreement (emphasis added).  HCA processed the Lease Extension on or around June 29, 2020.

Under the Lease Extension, Plaintiff owed payments for the months of June 2020 and July 2020, neither of which Plaintiff paid.  On or around July 3, 2020, several days after HCA processed the Lease Extension, HCA placed a courtesy call to Plaintiff to inform him that he had a past due balance.  HCA placed additional courtesy calls to Plaintiff to inform him he had a past due balance on or about July 6, 2020 and July 12, 2020.  In addition to these courtesy calls, HCA mailed Plaintiff multiple monthly statements and multiple notices of default.

Plaintiff ultimately returned the vehicle on or about September 18, 2020, but he never submitted payments for June 2020 or July 2020.  HCA therefore reported Plaintiff's account as delinquent.  Because Plaintiff failed to make payments for the months of June and July, HCA's reporting of Plaintiff's delinquencies was accurate.  Moreover, HCA diligently investigated and thoroughly responded to any and all of Plaintiff's disputes.

ISSUES: Whether Plaintiff executed the Lease Extension Agreement; whether Plaintiff timely made payments due under the Lease Extension Agreement; whether HCA's reporting of Plaintiff's delinquencies was accurate, whether HCA reasonably investigated Plaintiff's credit disputes.

**Defendant Experian Information Solutions, Inc.:**  Experian is a "consumer credit reporting agency", as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian

does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy.

Experian denies Plaintiff's claims.  At all times relevant Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's consumer report.  Experian further conducted a reasonable reinvestigation into any information disputed by Plaintiff.  At  all times, Experian acted in good faith and without any malice or intent to injure Plaintiff, and did not act negligently.  Accordingly, Experian has no liability in this case under FCRA, and denies all liability to Plaintiff for any alleged damages.


ISSUES: The primary legal issues with respect to Experian are whether, with respect to Plaintiff, the reporting of the Hyundai account was accurate; and whether Experian employed reasonable procedures and conducted reasonable investigation(s) of Plaintiff's alleged dispute(s), which it maintains it did and thus, Plaintiff's damages, if any, cannot be contributed to Experian.


**Defendant Trans Union, LLC:**  As discovery has just begun, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff.  Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff.  Further, Trans Union properly

investigated Plaintiff's disputes, if received, as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff.   At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.  Trans Union accepted information regarding Plaintiff from reliable sources.   Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b).  Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA.  Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Hyundai Motor Finance, Equifax Information Services, LLC, and Experian Information Solutions, Inc.  Therefore, this statement is based on the facts known by Trans Union at this time.  Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

ISSUES**:** The key legal issues will focus on the fact that Trans Union performed a reasonable reinvestigation of Plaintiff's disputes, if received, and had reasonable procedures in place in assuring maximum possible accuracy of Plaintiff's Trans Union credit file.

**Defendant Equifax Information Services, LLC:**  Plaintiff alleges that Equifax failed to maintain reasonable procedures in violation of 15 U.S.C. § 1681e(b) and failed to follow 15 U.S.C. § 1681i in responding to Plaintiff's disputes. Plaintiff also alleges violations of California Civil Code § 1785.14 and California Business Code § 17200. At

all relevant times herein, Equifax maintained reasonable procedures to ensure the maximum possible accuracy in its credit reporting concerning Plaintiff in accordance with the FCRA. Equifax has complied with the FCRA, the California state laws alleged and any other applicable laws in its handling of Plaintiff's credit file, including responding to any disputes Plaintiff submitted to Equifax. Equifax denies that it engaged in any unfair and/or fraudulent acts. Equifax further denies that it proximately caused Plaintiffs to suffer any damages. Equifax incorporates herein any additional defenses stated in its Answer to the Complaint.

ISSUES: The key legal issues will focus on the fact that Equifax performed a reasonable reinvestigation of Plaintiff's disputes, if received, and had reasonable procedures in place in assuring maximum possible accuracy of Plaintiff's Equifax credit file.

### B.     Discovery Plan & Proposed Discovery Cut-Off Date

The parties propose a discovery cut-off date of **February 28, 2022** as the completion date for all discovery. The proposed dates for initial expert witness disclosures would be **March 31, 2022** and **April 30, 2022** for rebuttal. The parties propose an expert discovery cut-off of **May 15, 2022.**

**Plaintiff:** Plaintiff's discovery (Requests for Document Production, Admissions, Interrogatories and Depositions) will be directed toward the communications between the Defendants and the Plaintiff, as they relate to any collection activity and credit reporting on the aforementioned debt, the account notes on Plaintiff's account, billing statements and other relevant correspondence. Plaintiff anticipates taking the deposition of at least one or two of agents of each Defendant who are most knowledgeable about: (1) the Plaintiff's account; (2) the credit reporting activity and/or records on Plaintiff's account; (3) the policies and procedures regarding the collection of similar accounts; (4)

the policies and procedures regarding the credit reporting of similar accounts; and (5) the process of investigating credit reporting disputes. Plaintiff may seek to use expert testimony, but at this time has not retained nor consulted with any experts.

**Defendant Hyundai Capital America:**  HCA has propounded its first set of written discovery to Plaintiff.  HCA intends to propound further written discovery depending on Plaintiff's responses.  HCA also anticipates taking the deposition of Plaintiff and any witnesses Plaintiff identifies.  HCA does not anticipate needing expert testimony, except as necessary to rebut any experts retained by Plaintiff.

**Defendant Experian Information Solutions, Inc.:**  Experian anticipates propounding written discovery and taking depositions of, including but not limited to, Plaintiff, relevant third party witnesses and any expert(s) disclosed.  Experian anticipates that it will seek discovery on the following subjects:  (1) dispute letters from Plaintiff to the consumer reporting agencies and Plaintiff's creditors; (2) documents related to the alleged inaccurate accounts; and (3) documents that reflect any credit denial Plaintiff has alleged to have suffered as a result of the facts alleged in this lawsuit.

**Defendant Trans Union, LLC:**  Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of the Hyundai Motor Finance account, the alleged disposition of Plaintiff's debt, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding any alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third

parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

**Defendant Equifax Information Services, LLC:**    Defendant Equifax anticipates requesting written and paper discovery from Plaintiff, including documents relating to any credit denials or other documents/authorizations to obtain all evidence concerning damages alleged, dispute-related documents, or any other documents Plaintiff possesses in support of his claim. Equifax also anticipates conducting full discovery on the allegations in Plaintiff's complaint, the accuracy of the tradeline(s) alleged to be inaccurate, the Defendants' reinvestigations and communications with Plaintiff regarding the disputed tradeline(s), any communications between Plaintiff and any creditors (potential or current) concerning the disputed tradeline(s). Equifax anticipates conducting the deposition of Plaintiff. Equifax also anticipates conducting any necessary third-party discovery, including any necessary third-party depositions.

### C.    Motions & Proposed Dispositive Motion Cut-Off Date
The parties propose a motion cut-off date of **June 15 , 2022.**

**Plaintiff:**  Plaintiff anticipates filing a Motion for Partial Summary Judgment, as to liability and may request a separate hearing to assess Plaintiff's damages.  Said motion will address whether the Defendants' conduct violates the FCRA, CCRAA, the Rosenthal Act, and the CLA as a matter of law.

**Defendant Hyundai Capital America:**  HCA intends to file a motion for judgment on the pleadings as to all of Plaintiff's claims against HCA.  If necessary, HCA reserves the right to file a motion for summary judgment and/or motions in limine.

**Defendant Experian Information Solutions, Inc.:**  Experian anticipates filing a Motion for Summary Judgment if appropriate, and Motions in Limine.

**Defendant Trans Union, LLC:**  Defendant Trans Union anticipates filing a Motion for Summary Judgment if appropriate, and Motions in Limine.

The parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time.  Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**Defendant Equifax Information Services, LLC:**  Equifax anticipates filing a motion for summary judgment, if appropriate, upon the close of discovery. Equifax reserves the right to make any motions in limine that may be appropriate, and any Daubert motion, subject to the expert disclosures.

### D.    Settlement/ADR

Although the parties are in the midst of settlement discussions, no settlement has been reached to date.   Pursuant to Local Rule 16, the Plaintiff selects **ADR Procedure No. 1** and elects to appear before a mutually-selected magistrate judge from the Court's panel. The parties anticipate that ADR can be completed by **March 1, 2022.**

### E.    Trial by Jury

The parties propose a Final Pretrial Conference date of **July 5, 2022** and a trial date of **July 18, 2022.**

**Plaintiff:**  Plaintiff's lead trial counsel will be Amir Goldstein.   Plaintiff has made a timely demand for trial by jury.  The trial is expected to last two to three days.  Plaintiff contemplates calling 3-4 witnesses.

**Defendant Hyundai Capital America:**  HCA's lead trial counsel will be Zachary C. Frampton, Abraham J. Colman, and possibly other attorneys from the law firm of Holland & Knight.

**Defendant Experian Information Solutions, Inc.:**  Lead trial counsel will be Kelly Albright of Jones Day. Experian anticipates trial would last 2-3 days.

**Defendant Trans Union, LLC:**   Lead counsel -Kristin Marker and possibly other attorneys from Quilling, Selander, Lownds, Winslett & Moser.  Trans Union anticipates trial would last 2-3 days, and potentially would call up to four witnesses (Plaintiff, Trans Union witness, Plaintiff's expert if applicable, Trans Union's expert if applicable, and potential third party witnesses as needed).

**Defendant Equifax Information Services, LLC:**  Equifax's lead counsel is Thomas P. Quinn, Jr. Equifax expects the trial to last 2-3 days.

### F.    Amendments & Additional Parties

**Plaintiff:**  The Plaintiff's Complaint has been filed with this Court.  Although the Plaintiff does not anticipate adding parties or amending the pleadings at this time, the Plaintiff reserves the right to amend the pleadings and/or add parties should discovery

give rise to additional defendants.

**Defendant Hyundai Capital America:**  HCA does not anticipate joining additional parties or amending its pleadings but reserves the right to do so.

**Defendant Experian Information Solutions, Inc.:**  Experian does not anticipate adding additional parties or amending its pleadings, but it reserves the right to do so.

**Defendant Trans Union, LLC:**  Trans Union does not anticipate adding additional parties or amending its pleadings, but it reserves the right to do so.

**Defendant Equifax Information Services, LLC:**  Equifax does not anticipate adding any additional parties or amending its answer, but reserves the right to do so.

G.    **Severance, Bifurcation & Ordering of Proof**

**Plaintiff:**  Plaintiff may request a separate hearing to assess Plaintiff's damages once liability is established through a dispositive motion.

**Defendant Hyundai Capital America:**  HCA does not anticipate filing a request to modify the trial schedule by severance, bifurcation, or the ordering of proof.

**Defendant Experian Information Solutions, Inc.:**  Experian does not anticipate filing a request for severance, bifurcation, or other ordering of proof at this time.

**Defendant Trans Union, LLC:** Trans Union does not believe this matter requires, severance, bifurcation, or other ordering of proof.

**Defendant Equifax Information Services, LLC:**    Equifax does not request bifurcation, severance, or other ordering of proof at this time.

###    H.    Other Issues

        i.    <u>Service by E-mail</u>

    The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by e-mail to the addresses listed below (or any updated e-mail address provided to all counsel of record):

**Plaintiff:** ajg@consumercounselgroup.com; jcl@consumercounselgroup.com

**Defendant Hyundai Capital America:** zac.frampton@hklaw.com; abe.colman@hklaw.com.

**Defendant Experian Information Solutions, Inc.:** kalbright@jonesday.com

**Defendant Trans Union, LLC:** kmarker@qslwm.com

**Defendant Equifax Information Services, LLC:** cstieber@seyfarth.com; madams@seyfarth.com; tquinn@nokesquinn.com; S-EquifaxAdmins@seyfarth.com; Equifaxdocketing@seyfarth.com.

    The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

    The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  However inadvertent failure to promptly confirm receipt of such email does not amount to a failure of service.

ii.     Joint Request for Telephonic Appearances

Should the Court choose not to vacate the scheduling conference based on the parties' written submissions, the parties and their respective counsel, in light of the current pandemic, respectfully request that they be allowed to appear telephonically for the scheduling conference.

Dated: August 23, 2021                          Respectfully Submitted,

                                                Law Offices of Amir J. Goldstein

                                                By:    /s/ Amir J. Goldstein
                                                       Amir J. Goldstein
                                                       Attorney for Plaintiff


                                                HOLLAND & KNIGHT LLP

                                                By:    /s/ Zachary C. Frampton
                                                       Zachary C. Frampton
                                                       Attorney for Defendant
                                                       Hyundai Capital America


                                                NOKES & QUINN

                                                By:    /s/ Thomas P. Quinn, Jr.
                                                       Thomas P. Quinn
                                                       Attorney for Defendant
                                                       Equifax Info. Services, LLC

                                                Jones Day

                                                By:    /s/ Kelly Albright
                                                       Kelly Albright
                                                       Attorney for Defendant
                                                       Experian Info Solutions, Inc.


                                                Quilling, Selander, Lownds,
                                                Winslett & Moser, P.C.

                                                By:    /s/ Kristin L. Marker
                                                       Kristin L. Marker
                                                       Attorney for Defendant
                                                       Trans Union LLC